Maurice B. VerStandig, Esq. (Bar No.: 18071)
THE VERSTANDIG LAW FIRM
1452 W. Horizon Ridge Parkway, #665
Henderson, Nevada 89012
Phone:  (301) 444-4600
Fax:     (301) 444-4600
E-Mail: mac@mbvesq.com
*Counsel for PJI Law, PLC*

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF MARYLAND**
**Greenbelt Division**

| | |
|---|---|
| In re:<br><br>   DEBORAH WESSELLS,<br><br>   Debtor. | Case No.: 23-18039<br><br>Chapter 13 |

**MOTION FOR LEAVE TO FILE LATE PROOF OF CLAIM**

COMES NOW PJI Law, PLC (the "Claimant"), by and through the undersigned, to move this Honorable Court, pursuant to Rule 3002(c)(6) of the Federal Rules of Bankruptcy Procedure, to enlarge the bar date to allow the Claimant to file its Proof of Claim (attached hereto as **Exhibit A**) beyond the initial deadline for private creditors, and in support thereof states as follows:

**I.      Case Summary**

Deborah Wessells (the "Debtor"), a seasoned bankruptcy debtor,[1] initiated this case—her fourth bankruptcy proceeding—on November 6, 2023 (the "Petition Date"). The Debtor was previously represented by the Claimant in an unrelated proceeding until the Claimant reluctantly terminated its representation of the Debtor for nonpayment. On the Petition Date, the Debtor owed the Claimant $10,996.99. Despite being aware of this debt, the Debtor knowingly omitted the Claimant from her bankruptcy filings and denied the Claimant timely notice of this case.

---

[1] *See generally In re Wessells*, No. 09-13483 (Bankr. D. Md.) (voluntarily dismissed); *In re Wessells*, No. 15-10643 (Bankr. D. Md.) (voluntarily dismissed); *In re Wessells*, No. 15-15712 (Bankr. D. Md.) (standard discharge); *In re Wessells*, No. 23-18039 (Bankr. D. Md.) (ongoing).

II.     **Jurisdiction and Venue**

1.      This Honorable Court exercises personal jurisdiction over the Debtor.

2.      This Honorable Court exercises subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

3.      This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

4.      This Honorable Court is the proper venue pursuant to 28 U.S.C. § 1409.

III.    **Background**

5.      The Debtor is a former client of the Claimant. *See generally* Claimant Warrant in Debt Filing Package (Dec. 19, 2023) (attached hereto as **Exhibit B**).

6.      The Claimant assisted the Debtor in a legal matter pursuant to a client agreement signed on May 17, 2022 (the "Agreement" governing the scope of legal services as well as the terms of compensation for those services. *Id.*

7.      The Debtor failed to completely pay the Claimant for the services rendered. *Id.*

8.      The Claimant terminated representation of the Debtor on or about February 20, 2023, for nonpayment. *See* Letter (Feb. 20, 2023) (**Exhibit C**).

9.      The Debtor failed to timely and completely pay eight pre-petition invoices:

| Date | Invoice No. | Principal[2] | Pre-Petition Int. | Total |
|---|---|---|---|---|
| June 23, 2022 | 13286 | $ 1,618.60 | $ 706.89 | $ 2,325.49 |
| August 9, 2022 | 13903 | $ 13.14 | $ 105.37 | $ 118.51 |
| September 9, 2022 | 14505 | $ 192.50 | $ 40.22 | $ 232.72 |
| October 11, 2022 | 14949 | $ 4,316.50 | $ 831.72 | $ 5,148.22 |
| November 4, 2022 | 15410 | $ 445.00 | $ 80.48 | $ 525.48 |
| December 13, 2022 | 15952 | $ 2,012.55 | $ 325.31 | $ 2,337.86 |
| January 9, 2023 | 16388 | $ 133.50 | $ 19.80 | $ 153.30 |
| February 20, 2023 | 16999 | $ 137.82 | $ 17.59 | $ 155.41 |

---

[2] The Debtor made untimely and partial payments toward Invoices 13286 and 13903. The "Principal" depicted herein is the net of the original principal less those partial payments. The pre-petition interest for these invoices accounts for these payments.

10. On the Petition Date, the Debtor owed the Claimant $10,996.99 inclusive of interest due and owing pursuant to the Agreement. *Id.*

11. On or about October 5, 2023, the Claimant sent the final demand for payment offering the Debtor three discounted settlement options. *See* **Exhibit D.**

12. On October 12, 2023, the Debtor responded to the Claimant's final demand for payment via electronic mail:

> *Dear PJ LW [sic] firm:*
> *I am disputing your bill and filing bankruptcy and at this time will give you $5.00 and [sic] I will put your debt on my Bankruptcy!*
> *Any other issues you may email me but [sic] I saw someone else signed for me!*[3]
> *I will contact you tomorrow but this is to let you know that your debt will be on my bankruptcy filing statement and I will pay $5.00 until the filing has a case [sic]*
> *[Signature block]*

*See* **Exhibit E.**

13. In compliance with 11 U.S.C. § 362, the Claimant conducted searches via PACER for any bankruptcy cases associated with the Debtor on October 12, 2023 (after receiving the Debtor's e-mail), December 4, 2023 (prior to preparing the Claimant's Warrant in Debt filing package), and December 19, 2023 (prior to filing the Claimant's Warrant in Debt filing package).

14. Those searches did produce the Debtor's past three bankruptcy proceedings but did *not* reveal this case filed on November 6, 2023.[4]

15. On December 19, 2023, having conducted its due diligence to conclude (albeit errantly) that the Debtor had not initiated yet another bankruptcy proceeding, the Claimant filed a

---

[3] Upon information and belief informed by the context in which the Claimant sent the Debtor its final demand for payment, the Debtor here seemingly suggests someone other than her signed for the final demand letter which was sent via certified mail to the Debtor's home. *But see infra* ¶ 19.

[4] The Claimant avers it does not know why the PACER bankruptcy searches from December 4th and 19th did not reveal the November 6th filing and is left to presume there is a search result 'lag.'

Warrant in Debt in the General District Court for Fairfax County, Virginia seeking judgment against the Debtor for its unpaid legal fees. *See generally* **Exhibit B.**

16. Upon filing its Warrant in Debt, the Claimant was unaware the Debtor had initiated this case.

17. Upon seeking to serve the Debtor, the Claimant was unaware the Debtor had initiated this case.

18. The Claimant sought to serve the Debtor via private process server, but attempts to serve the Debtor failed for weeks.

19. On February 14, 2024, the Claimant's private process server reported via e-mail:

> *Good afternoon,*
> *Just wanted to give you guys an update on this job. We've attempted this 8 times and believe the serve to be evasive.*
> *On some of our attempts, we've spoken to a male resident who our servers frequently describe as "seeming high" and who has confirmed that the serve is his coresident, but [sic] won't give us a good time to attempt.*
> *On our last two attempts, our servers have said that they've heard a man and a woman loudly discussing whether they should answer the door, and despite our server trying to get them to come to the door, they haven't acknowledged our server and won't answer the door.*
> *Is this something you guys would potentially want surveillance for in order to perfect service?*
> *[Signature block]*

*See* **Exhibit F.**

20. Upon receipt of this correspondence, the Claimant was unaware the Debtor had initiated this case.

21. The Claimant advised its server to execute an affidavit memorializing its February 14th E-Mail and serve the Debtor pursuant to Va. Code Ann. § 8.01-296(2)(b): 'nail and mail.'

22. The Debtor was subsequently served on Friday, February 16, 2024.

23. From November 6, 2023, through February 16, 2024, the Claimant never received notice of the Debtor's bankruptcy filing nor was the Claimant aware that the Debtor had initiated the above-captioned case.

24. On Saturday, February 17, 2024, the Debtor—having received the Claimant's Warrant in Debt filing package—contacted the Claimant via electronic mail carbon copying her counsel attaching a picture of the filing package and stating:

> *Dear Staff:*
> *I notified by email of my intention of Bankruptcy!*
> *I notified before that I was declaring bankruptcy and its [sic] public record!*
> *Please contact my attorney for more information!*
> *[Signature Block]*

*See* **Exhibit G.**

25. On Sunday, February 18, 2024—weekend notwithstanding—the Claimant drafted its *Plaintiff's Suggestion of Defendant's Bankruptcy and Motion to Dismiss Action as a Legal Nullity*, a rare pleading used by plaintiff counsels in Virginia to strike cases against defendants that, like the Debtor, fail to timely and properly notify plaintiffs of their bankruptcy filings. *See* **Exhibit H** (the "Suggestion of Bankruptcy").

26. Because the General District Court of Fairfax County, Virginia does not accept electronic filings, the soonest the Claimant could—and did—file the Suggestion of Bankruptcy was Tuesday, February 20, 2024, because Monday, February 19, 2024, Presidents' Day, was a holiday.

27. The Claimant contacted the Debtor's counsel on Monday, February 19, 2024, to advise the state court proceeding would be dismissed immediately.

28. Nevertheless, the Debtor again contacted the Claimant on February 19th via electronic mail:

> *Dear PJ Staff:*
> *It is public knowledge and your firm is a law firm that I am in bankruptcy and every debtor of mine is fully aware of this fact! I even gave you notice of this even though your firm was well aware of this information and my other debtors found out about this bankruptcy without notification from me. All my debts are in my bankruptcy and aware of this! I spoke to your office this morning about this and gave notice I am in bankruptcy and the debt you allegedly claim I owe! I hired you to represent me in a trial court for an Estate Court dispute and you never went to Court for me even except to fight getting out to of representing me for the Estate Court! Even though I was tried to keep you as representation of me! I didn't hire you to do just emails and to not to go to court for me and to just talk about this on the phone or through emails! I paid your firm over $10,000 for I feel nothing! Then you billed me more getting out of the case and to sue me for a judgment knowingly and knowledge of my bankruptcy! Furthermore, your processor had continued to come to my house and stake my house out and to harass me and my family threatening saying they would continue to come to house even with No Trespassing Signs all around my house and property! I had even notified you a few times by email of my bankruptcy! So you were out on notice and still you continue to do this even though you are aware of my bankruptcy again!*
> *I am in bankruptcy court!*

See **Exhibit I.**

29. For the avoidance of doubt, the Debtor's representations in her February 19th e-mail are largely counterfactual.

30. The Debtor's bankruptcy filings wholly omit the Claimant as a creditor. *See, e.g.*, ECF Nos. 1 (Petition), 22 (Plan).

31. Given the Debtor's failure to schedule and notify the Claimant of this bankruptcy case, the Claimant first learned of this proceeding on Saturday, February 17, 2024.

32. Upon information and belief informed by the foregoing, the Debtor intentionally and knowingly omitted the Claimant from her Schedule F in an improper attempt to: (i) lower her otherwise seemingly 100% Chapter 13 plan payments and (ii) deny the Claimant its ability enshrined in the Bankruptcy Code to seek post-petition repayment of its pre-petition debt.

IV. **Argument**

33. Rule 3002(c)(6)(A) provides:

> On motion filed by a creditor before or after the expiration of the time to file a proof of claim, the court may extend the time by not more than 60 days from the date of the order granting the motion. The motion may be granted if the court finds that:
>
> (A) the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim because the debtor failed to timely file the list of creditors' names and addresses required by Rule 1007(a)[.][5]

34. Here, the Debtor failed to schedule the Claimant despite repeated representations that the Debtor was well aware of—albeit seemingly contesting—her debt owed to the Claimant.

35. At best, the Debtor notified the Claimant of her *intention* to file for bankruptcy at some future, unspecified date, back in October of 2023.

36. The Claimant, having never received a Notice of Bankruptcy, conducted more than its fair share of due diligence thrice searching for and failing to discover this case.

37. To date, the Claimant has not received proper notice of the Debtor's bankruptcy.

38. The Claimant only received improper notice of the Debtor's bankruptcy on February 17, 2024, after the private creditors' claim bar date—January 16, 2024—passed.

39. In contrast to the Debtor, when the Claimant first learned of the Debtor's bankruptcy, it took immediate action to comply with its legal obligations. *See, e.g.*, **Exhibit H.**

40. Had the Debtor not intentionally and knowingly (i) failed to schedule the Claimant's debt in contravention of 11 U.S.C. § 521(a)(1)(A) and Rule 1007(b) *and* (ii) sought to evade service of process of the state court collections case for weeks in contravention of Va. Code

---

[5] Rule 3002(c)(6)(B) is inapplicable to the issue raised herein.

Ann. § 8.01-286.1, the Claimant would have learned of the Debtor's bankruptcy with sufficient time to file its proof of claim.

41. Bankruptcy courts grant creditors leave to file late proof of claims when debtors omit their creditors from matrixes thereby denying creditors such as the Claimant from timely and proper notice of bankruptcy proceedings. *See, e.g.*, *In re Flint*, No. 640 B.R. 877 (Bankr. D.S.C. 2022) (Chapter 7); *In re Curtin*, No. 8:19-bk-02502-RCT, 2020 WL 5745937 (Bankr. M.D. Fla. Mar. 6, 2020) (Chapter 13).

V.  **Conclusion**

WHEREFORE the Claimant respectfully requests that this Honorable Court grant the Claimant leave to file a Proof of Claim notwithstanding the now-passed private claim bar date via an Order substantially similar to the Proposed Order attached hereto as **Exhibit J**.

Respectfully submitted,

Date:   April 14, 2024

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No.: 18071
THE VERSTANDIG LAW FIRM
1452 W. Horizon Ridge Parkway, #665
Henderson, Nevada 89012
Phone:  (301) 444-4600
Fax:    (301) 444-4600
E-Mail: mac@mbvesq.com
*Counsel for PJI Law, PLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of April 2024, I electronically filed the foregoing via the CM/ECF system. I certify that all participants that are registered CM/ECF users and have entered an appearance in the case received service therefrom including:

David Erwin Cahn, Esq.
LAW OFFICE OF DAVID CAHN, LLC
129-10 W. Patrick St., 2nd Fl.
Frederick, MD 21701
Phone: (301) 799-8072
E-Mail: david@cahnlawoffice.com
*Debtor Counsel*

Michael J. Klima, Jr.
PEROUTKA, MILLER, KLIMA & PETERS, P.A.
8028 Ritchie Highway, Suite 300
Pasadena, MD 21122
Phone: (410) 768-2280
Fax: (410) 553-9491
E-Mail: bankruptcy@peroutkalaw.com
*Counsel to Ally Bank, c/o AIS Portfolio Services, LLC*
*Counsel to Santander Consumer USA Inc.*

Mark David Meyer, Esq.
ROSENBERG & ASSOCIATES, LLC
4340 East West Highway, Suite 600
Bethesda, MD 20814
Phone: (301) 907-8000
Fax: (301) 907-8101
E-Mail: bankruptcy@rosenberg-assoc.com
*Counsel to Blue Castle (Cayman) LTD*

Rebecca A. Herr, Esq.
185 Admiral Cochrane Drive, Suite 240
Annapolis, MD 21401
Phone: (301) 805-4700
Fax: (301) 805-9577
E-Mail: ecf@ch13md.com
Chapter 13 Trustee

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.